# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:19-cv-06050-FMO-KES                      Date: August 16, 2019

Title: CHRISTIAN MIRANDA v. CHRISTIAN PFEIFFER

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**      **Order to Show Cause Why Petition Should Not Be Dismissed as Untimely**

On June 23, 2019, Petitioner Christian Javier Miranda ("Petitioner"), an inmate at Kern Valley State Prison, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1 at 15 [signature date].) In August 2015, a Los Angeles County jury convicted Petitioner of assault with a firearm and attempted first-degree murder, with firearm and gang enhancements. (Id. at 2.)

Petitioner pursued a direct appeal. (Id.); see also People v. Miranda, No. B266817, 2017 Cal. App. Unpub. LEXIS 1504, at *2 (Mar. 2, 2017). The California Court of Appeal affirmed Petitioner's conviction. (Id. at 3.)

Per the California Courts' website, on April 3, 2017, Petitioner filed a petition for review in the California Supreme Court, case no. S240998. See https://appellatecases.courtinfo.ca.gov/. Petitioner was represented by an attorney named Lynette Gladd Moore, who also represented Petitioner before the California Court of Appeal. Id.; (see Dkt. 1 at 25.)

On June 14, 2017, the California Supreme Court denied Petitioner's petition for review, while granting that of his co-defendant.[1] People v. Miranda, No. S240998, 2017 Cal. LEXIS

---

[1] The California Supreme Court has not yet issued a decision on the direct appeal of Petitioner's co-defendant. See https://appellatecases.courtinfo.ca.gov/. That court deferred further action in the co-defendant's case until the disposition of related issues in People v.

4883, at *1 (June 14, 2017). Despite the denial, the online case information includes the following docket entry from July 11, 2017 (i.e., nearly a month after the denial of Petitioner's petition for review): "Upon request of appellant Christian J. Miranda for appointment of counsel, Lynette Moore is hereby appointed to represent appellant on the appeal *now pending* in this court." See https://appellatecases.courtinfo.ca.gov/ (emphasis added). (The only subsequent entries show that Petitioner's co-defendant was also appointed counsel and filed a supplemental brief in March 2018. See id.)

Because this seemed odd to the Court, the Court requested that Ms. Moore provide some clarifying information. (Dkt. 5.) Ms. Moore responded via a letter docketed on August 12, 2019. (Dkt. 6.) According to Ms. Moore, she advised Petitioner via a letter dated March 28, 2018, that the California Supreme Court had denied his petition for review on June 14, 2017 and that he had one year from the date of denial to file his federal habeas petition. (Id.) She also confirmed with the clerk of the California Supreme Court that the appointment of counsel for Petitioner *after* his petition for review was denied was a mistake. (Id.)

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA generally establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." 28 U.S.C. § 2244(d). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a state defendant seeks direct review in a state's highest court, the judgment becomes final when the 90-day period for seeking certiorari review in the U.S. Supreme Court expires. Jimenez v. Quarterman, 555 U.S. 113, 120 (2009).

Here, Petitioner's judgment became final 90 days after June 14, 2017, which was September 12, 2017. Petitioner's AEDPA filing deadline therefore expired on September 12, 2018, absent statutory[2] or equitable tolling.

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court held that the AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. To be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights

---

Canizales, No. S221958. People v. Miranda, 2017 Cal. LEXIS 4883, at *1. On June 24, 2019, the California Supreme Court decided People v. Canizales, 7 Cal. 5th 591, 591 (2019).

[2] AEDPA provides for statutory tolling, as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Petition does not indicate, however, that Petitioner pursued any relief other than his direct appeal (e.g., filing a habeas petition in state superior court).

diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. at 649.

      Petitioner states that he only learned that the California Supreme Court denied his petition for review on June 4, 2019. (Dkt. 1 at 3.) This statement fails to include enough facts to demonstrate that Petitioner is entitled to equitable tolling, such as describing how he found out, whether/when he received any correspondence from any courts or his lawyer about his case, and how he exercised diligence in the years preceding his federal filing.

      IT IS THEREFORE ORDERED that, **on or before September 16, 2019**, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

Initials of Deputy Clerk JD